**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL IMMIGRATION PROJECT,<br>1200 18th Street NW, Suite 700<br>Washington, DC 20036,<br><br>MUSLIM ADVOCATES,<br>1032 15th Street NW #362<br>Washington, DC 20005,<br><br>     Plaintiffs<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>Executive Office for United States Attorneys<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001,<br><br>U.S. CUSTOMS AND BORDER<br>PROTECTION<br>1300 Pennsylvania Avenue NW<br>Washington, DC 20004,<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Plaintiffs National

Immigration Project ("NIPNLG") and Muslim Advocates ("MA") seek records from Defendants

U.S. Department of Justice's ("DOJ") Executive Office for United States Attorneys ("EOUSA")

and U.S Customs and Border Protection ("CBP") relating to data about prosecutions in the

Western District of Texas (Del Rio) under 19 U.S.C. § 1459, 8 U.S.C § 1325, and 8 U.S.C § 1326.

2.   Plaintiffs primarily requested records reflecting the national origin of individuals charged with 19 U.S.C. § 1459, 8 U.S.C § 1325, and 8 U.S.C § 1326 by the EOUSA's Del Rio's office starting on January 1, 2021, and individuals arrested by CBP's Del Rio sector or referred to EUOSA's Del Rio's office by CBP starting on January 1, 2021.

3.   Recent reporting has raised concern about the specific practices of the EUOSA's Del Rio Office, which appear to be disproportionately affecting individuals from Muslim-majority countries.[1] The Department of Homeland Security has already opened an investigation into these practices.[2] United States' policies targeting noncitizens from predominantly Muslim

---

[1] *See* Hamed Aleaziz, *Asylum seekers from Muslim-majority countries disproportionately imprisoned at Texas border*, L.A. Times, Aug. 31, 2023.
[2] *See* Hamed Aleaziz, *U.S. probing prosecutions of migrants from Muslim-majority countries exposed by Times investigation*, L.A. Times, Sept. 13, 2023.

countries are a matter of significant public concern and have been the subject of numerous

lawsuits,[3] advocacy reports,[4] news reporting,[5] and scholarly interest.[6]

---

[3] *See*, *e.g.*, *Kariye v. Mayorkas*, 650 F. Supp. 3d 865 (C.D. Cal. 2022), *appeal docketed and briefing underway*, No. 23-55790 (9th Cir.) (concerning legality of religious questioning by border agents of Muslims and people misperceived to be Muslim); *Fikre v. Federal Bureau of Investigation*, 35 F.4th 762 (9th Cir. 2022), *certiorari granted and decision pending*, No. 22-1178 (S. Ct.) (assessing legality of placement of Muslim U.S. citizen on federal watchlist); *al-Hela v. Biden*, 66 F.4th 217 (D.C. Cir. 2023) (examining legality of indefinite detention without charge or trial of Muslim Yemeni man at the U.S. Naval Station in Guantánamo Bay, Cuba); *Federal Bureau of Investigation v. Fazaga*, 595 U.S. 344 (2022) (addressing discoverability of evidence obtained through surveillance of Muslims pursuant to the Foreign Intelligence Surveillance Act); *Tanzin v. Tanvir*, 592 U.S. 43 (2020) (finding damages remedies available in lawsuit brought by Muslim plaintiffs alleging government agents used federal watchlisting placements to coerce them into informing on their communities in violation of their religious beliefs); *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) (addressing legality of Trump administration's Muslim ban); *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635 (4th Cir. 2020) (same); *Darweesh v. Trump*, 2017 WL 388504 (E.D.N.Y. Jan. 28, 2017) (same); *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254 (W.D. Wash. June 21, 2017) (addressing legality of the Controlled Application Review and Resolution Program ("CARRP"), a program resulting in delayed processing and denials of applications for immigration benefits filed by Muslim noncitizens).

[4] *See*, *e.g.*, *Hundreds of Legal Community Members Demand Action to Stop Racist Targeting of Palestine Advocates and Safeguard Fundamental Rights,* PALESTINE LEGAL (Oct. 19, 2023), https://palestinelegal.org/legal-community-letter; Harsha Panduranga & Faiza Patel, *Stronger Rules Against Bias: A Proposal for a New DHS Nondiscrimination Policy,* BRENNAN CENTER FOR JUSTICE (Sept. 15, 2022), https://www.brennancenter.org/our-work/policy-solutions/stronger-rules-against-bias; Basima Sisemore & Elsadig Elsheikh, *The Pervasiveness of lslamophobia in the United States,* BERKELEY OTHERING AND BELONGING INSTITUTE (Sept. 13, 2022), https://belonging.berkeley.edu/pervasiveness-islamophobia-united-states; Rachel Levinson-Waldman, Harsha Panduranga, and Faiza Patel, *Social Media Surveillance by the U.S. Government,* BRENNAN CENTER FOR JUSTICE (Jan. 7, 2022), https://www.brennancenter.org/our-work/research-reports/social-media- surveillance-us-government; Jennie Pasquarella, *Muslims Need Not Apply: How USCIS Secretly Mandates Discriminatory Delay and Denial of Citizenship and Immigration Benefits to Aspiring Americans*, ACLU OF SOUTHERN CALIFORNIA (2013); HUMAN RIGHTS FIRST, *Denial and Delay: The Impact of the Immigration Law's "Terrorism Bars" on Asylum Seekers and Refugees in the United States* (2009).

[5] *See*, *e.g.*, Prem Thakker and Daniel Boguslaw, *FBI Targets Muslims and Palestinians in Wake of Hamas Attack, Civil Rights Advocates Warn*, THE INTERCEPT, (Oct. 13, 2023), https://theintercept.com/2023/10/13/palestinians-muslims-fbi/; Isa Gutierrez, *'Psychological Trauma and Stress': The Lasting Impact of the 'Muslim Ban,'* NBC NEWS (Jan. 20, 2021), https://nbcnews.to/3rApZkV; Somini Sengupta, *Loose Definition of Terrorism Upends a Syrian Asylum Seeker's Life*, N.Y. TIMES (Jun. 23, 2017), nyti.ms/3V3LtEg.

4. Disclosure of the requested information will address the public's concern about EOUSA's practices in Del Rio and contribute significantly to the public's understanding of United States' policies and practices with respect to prosecuting immigration related criminal offenses more generally.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

7. Plaintiff NIPNLG is a national non-profit that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the rights of noncitizens. NIPNLG provides training to the bar on immigration consequences of criminal conduct, is the author of four treatises on immigration law published by Thomson Reuters, and pursues litigation that aims to extend the rights of all noncitizens in the United States, regardless of immigration status. In addition, NIPNLG staff present, and regularly publish practice advisories, on immigration law topics, which are disseminated to its members as well as to a large public audience through its website. NIPNLG also regularly publishes FOIA disclosures to the media and the public through its website.

---

[6] *See*, *e.g.*, Faiza W. Sayed, *Terrorism and the Inherent Right to Self-Defense in Immigration Law*, 109 Cal. L. Rev. 615 (2021); Engy Abdelkader, Judy Chu, Elica Vafaie, Khaled Beydoun, *The Muslim Ban Revisited: Trump v. Hawaii Two Years Later*, 44 Harbinger 248 (2020); Shirin Sinnar, *Separate and Unequal: The Law of "Domestic" and "International" Terrorism,* 117 Mich. L. Rev. 1333, 1388 (2019); Justin A. Fraterman, *Criminalizing Humanitarian Relief: Are U.S. Material Support for Terrorism Laws Compatible with International Humanitarian Law?*, 46 N.Y.U. J. Int'l L. & Pol. 399 (2014).

8.      Plaintiff MA is a national legal advocacy and educational organization that works with and for Muslim and other historically marginalized communities to build community power, fight systemic oppression, and demand shared wellbeing. MA engages in litigation, policy advocacy, and educational outreach and regularly produces reports, white papers, and other materials to educate the public on civil-rights and social-justice matters. MA regularly files FOIA requests and publishes information obtained pursuant to such requests in a digestible, public-facing form.

9.      Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f).  DOJ has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

10.     Defendant CBP is an agency within the meaning of 5 U.S.C. § 552(f).  CBP has possession, custody, and control of records responsive to Plaintiff's FOIA requests.

## Statutory Framework

11.     FOIA is designed to promote transparency and open government by providing any person a right to request federal agency records. 5 U.S.C. § 552(a)(3)(A).

12.     The FOIA statute imposes strict deadlines on agencies to provide a response to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

13.     Agencies must comply with a FOIA request by issuing a determination within twenty working days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

14.     Agencies have the burden "to act in good faith and exercise due diligence to make records available as quickly as possible, or invoke an exemption, and to improve their records management systems to enable prompt responses without routine judicial involvement." *Jud. Watch, Inc. v. United States Dep't of Homeland Sec*., 895 F.3d 770, 783 (D.C. Cir. 2018).

15.     An agency is entitled to a ten-day extension of the twenty working day timeline if it provides a written notice to the requestor explaining that unusual circumstances warrant additional time. 5 U.S.C. § 552(a)(6)(B).

16.     An agency determination under FOIA "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013). An acknowledgement of receipt noting that the request is being processing is not a determination under the FOIA statute because "it is not enough that, within the relevant time period, the agency simply decide to later decide." *Id*.

17.     An agency must timely notify requestors of its determination and the reasons for it and, in the case of an adverse determination, the right to administratively appeal. 5 U.S.C. § 552(a)(6)(B)(ii).

18.     FOIA requestors are deemed to have exhausted their administrative remedies if the agency does not comply with the statute's time limits. 5 U.S.C. § 552(a)(6)(C)(i).

### **Factual Background**

19.     On January 05, 2024, Plaintiffs submitted a FOIA request to DOJ and CBP using their respective web portals[7] seeking the following:

1-  All records[8] reflecting the number of prosecutions under 19 U.S.C. § 1459, 8 U.S.C § 1325, and 8 U.S.C § 1326 brought by prosecutors in the Del Rio U.S. Attorney's Office

---

[7] Per the agencies preference, Plaintiff filed the DOJ request using the EOUSA web portal (https://eousafoia.usdoj.gov) and the CBP request using Secure Release (https://www.securerelease.us/).

[8] In this request, "records" shall refer to, but not be limited to, all worksheets, coversheets, forms, emails, written documents, database entries, post-it notes, logs, metadata, files, correspondence, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions,

between January 1, 2021, and the date that data production for this FOIA request commences. For each of these prosecutions, the Requestors seek the nationality of the defendant, the date of the charge, the final disposition of the charge, the date of that final disposition, and any sentence issued for a conviction under the charge.

2- All records reflecting the number of referrals by CBP to the U.S. Attorney's Office in Del Rio for prosecution under 19 U.S.C. § 1459, 8 U.S.C § 1325, and/or 8 U.S.C § 1326 between January 1, 2021, and the date that data production for this FOIA request commences. For each of these referrals, the Requestors seek the nationality of the defendant and the date of referral.

3- All records reflecting the number of arrests made by the Del Rio Sector of CBP between January 1, 2021, and the date that data production for this FOIA request commences. For each arrest, the Requestors seek the nationality of the arrested individual, the charges, and the disposition of the arrest.

Plaintiffs requested a fee waiver. A copy of Plaintiffs' January 05, 2024, FOIA request is attached as Exhibit A.

20.　By email dated January 5, 2024, DOJ acknowledged receipt of the FOIA request. A copy of DOJ's acknowledgment is attached as Exhibit B.

21.　By email dated January 8, 2024, CBP acknowledged receipt of the FOIA request on January 5, 2024. CBP invoked the ten-day extension due to unusual circumstances. A copy of CBP's acknowledgment is attached as Exhibit C.

22.　More than 30 working days have passed since Defendants have received the FOIA request. Neither Defendant has issued a determination on Plaintiffs' FOIA request.

23.　Because Defendants have failed to timely respond to Plaintiffs' FOIA request, Plaintiffs have constructively exhausted their administrative remedies.

---

analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training manuals, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications, and/or video tapes.

## Plaintiffs' Claims for Relief

### Wrongful Withholding of Records Responsive to Plaintiffs' FOIA Request

24. Plaintiffs repeat and re-allege the foregoing paragraphs.

25. In their January 05, 2024 FOIA requests Plaintiffs properly asked for records within the possession, custody, and control of DOJ and CBP.

26. Defendants have failed to conduct a timely adequate search in response to Plaintiffs' FOIA requests.

27. Defendants are wrongfully withholding records responsive to Plaintiffs' FOIA requests.

28. By failing to timely release all requested records in full to Plaintiffs, Defendants are in violation of FOIA.

29. Plaintiffs are therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Order Defendants to immediately and fully process Plaintiffs' FOIA requests and disclose all non-exempt records to Plaintiffs;

(2) Issue a declaration that Plaintiffs are entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiffs costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.


Date: March 5, 2024            Respectfully Submitted,

                               */s/ Khaled Alrabe*
Khaled Alrabe
National Immigration Project
1200 18th Street NW, Suite 700
Washington, DC 20036
Tel: (202) 656-4788
khaled@nipnlg.org

*/s/ Golnaz Fakhimi*
Golnaz Fakhimi*
Muslim Advocates
1032 15th Street NW #362
Washington, DC 20005
Tel: (202) 655-2969
golnaz@muslimadvocates.org

*Counsel for Plaintiffs*

*(\*Application for admission forthcoming)*